**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALGONQUIN GAS TRANSMISSION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 1,562 SQUARE FOOT PERMANENT EASEMENT IN SALEM, MASSACHUSETTS, and THE CITY OF SALEM, MASSACHUSETTS, | ) ) ) |
| | ) |
| Defendants. | ) |

## CONDEMNATION COMPLAINT

Algonquin Gas Transmission, LLC ("Algonquin") is a natural gas company as that term is defined in Section 2(6) of the Natural Gas Act ("NGA"), 15 U.S.C. § 717a(6), and is subject to the exclusive jurisdiction of the Federal Energy Regulatory Commission ("FERC"). On May 14, 2015, FERC issued a Certificate of Public Convenience and Necessity ("Certificate") to Algonquin authorizing Algonquin to construct and operate a natural gas pipeline and related facilities known as the Salem Lateral Project (the "Project"). The Certificate authorizes Algonquin to construct and operate approximately 1.2 miles of 16-inch diameter pipeline and related facilities in Salem, Massachusetts. In order to construct the pipeline, Algonquin needs to acquire a permanent easement that occupies 1,562 square feet on property in Salem owned by the City of Salem. Pursuant to the power of eminent domain vested in Algonquin by the NGA, 15 U.S.C. § 717f(h), Algonquin brings this action to condemn the easement.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action because the value of the easement to be taken by Algonquin exceeds $3,000.

2. Venue is proper in this Court under 15 U.S.C. § 717f(h) because the property that is the subject of this action is located within the eastern district of the District of Massachusetts.

## PARTIES

3. Algonquin is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Houston, Texas and is a natural gas company as that term is defined in Section 2(6) of the NGA, 15 U.S.C. § 717a(6).

4. The City of Salem, Massachusetts is a Massachusetts municipality with offices at Salem City Hall, 93 Washington Street, Salem, Massachusetts.

## FACTS

5. Before a natural gas company can construct and operate a natural gas transmission pipeline and related facilities, the company must obtain a Certificate of Public Convenience and Necessity from FERC ("Certificate"). FERC issued a Certificate to Algonquin on May 14, 2015 in Docket No. CP14-522-000 authorizing Algonquin to construct the Project. See 151 FERC ¶ 61,118 (2015).

6. The Project involves construction of approximately 1.2 miles of a 16-inch pipeline, a meter and regulating station and related facilities along a route that begins at a subsea interconnection with Algonquin's existing HubLine pipeline in Beverly Harbor and ends on property owned by Footprint Power Salem Harbor Development, LP ("Footprint") in Salem, Massachusetts.

7. The purpose of the Project is to provide natural gas to Footprint's redeveloped Salem Harbor Station, a 630-megawatt quick-start combined-cycle, natural gas-fired generation facility

8. The pipeline will be constructed in approximately 0.58 miles of open water and the onshore portion of the pipeline will cross a parcel of land owned by the City of Salem that is located north of Osgood Street and adjacent to Collins Cove (the "City of Salem Property").

9. The permanent easement on the City of Salem Property will be approximately 10 feet wide and will occupy approximately 1,562 square feet. The depth of the pipeline on the City of Salem Property will be approximately 80 feet (plus or minus 10 feet). The boundaries of that easement are depicted on Drawing No. LD-P-8511. (A copy of that Drawing is attached as Exhibit A).

10. Algonquin and the City entered into an Agreement dated March 3, 2015 in which Algonquin and the City agreed that Algonquin would take the easement on the City of Salem property by eminent domain because the property is subject to Article 97 of the Massachusetts Constitution.

11. The NGA, 15 U.S.C. § 717f(h), authorizes a natural gas company to condemn any property interests needed to construct a natural gas pipeline authorized by FERC that the company has not been able to purchase. The Certificate for the Project states that Algonquin may use the power of eminent domain to condemn any property interests needed to construct the Project.

12. Pursuant to § 7(h) of the NGA, 15 U.S.C. § 717f(h), Algonquin is authorized to and needs to take the permanent easement on the Salem Property by the power of eminent domain.

WHEREFORE, Algonquin requests that the Court:

1. enter an Order of Taking that states that Algonquin can take the easement on the Salem Property; and

2.       award Algonquin such other relief as may be necessary or appropriate.

                ALGONQUIN GAS TRANSMISSION, LLC

                By its attorneys,

                /s/ *James T. Finnigan*
                James T. Finnigan (BBO #549620)
                Rich May, P.C.
                176 Federal Street
                Boston, Massachusetts 02108
                (617) 556-3872
                jfinnigan@richmaylaw.com

Dated: July 31, 2015

# EXHIBIT A

